

FILED IN OPEN COURT
4/27/06 KJK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 05-05-UNA |
| ) | |
| STEVEN C. PHELPS, ) | |
| ) | |
| Defendant. ) | |

FILED
APR 27 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Christopher J. Burke, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Steven C. Phelps, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with knowingly and intentionally possessing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 844. Count One carries a maximum sentence of a term of imprisonment of one year, a $100,000 fine with a minimum fine of $1,000, or both, one year supervised release, and a $25 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Indictment: that the defendant (1) knowingly or intentionally; (2) possessed; (3) a controlled substance.

3. At the time of sentencing, the Government agrees to move to dismiss Count Two of the Indictment.

4. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1.

5. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

6. The defendant agrees to pay the $25 special assessment the day of sentencing.

7. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____
Christopher Koyste, Esquire
Attorney for Defendant

3/28/06

By: _____
Christopher J. Burke
Assistant United States Attorney

_____
Steven C. Phelps
Defendant

Dated: 03/28/06

AND NOW, this __21__ day of __April_____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Mary Pat Thynge
United States Magistrate Judge

3